UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARNELL INGRAM,

    Plaintiff,

v.                                                                                   Case No. 19-C-74

FOND DU LAC COUNTY DEPARTMENT
OF SOCIAL SERVICES,
KAYLA POWERS,
SUPERVISOR JESSICA,
CATHY RIENHART, and
PATRICIA L.,

    Defendants.

**ORDER**

Plaintiff Darnell Ingram, who is currently confined in Fond du Lac County Jail, filed this action pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated. The court screened Ingram's complaint and allowed him to proceed on Fourteenth Amendment equal protection and due process claims against the defendants, although the court noted that this case may call for abstention under *Younger v. Harris*, 401 U.S. 37 (1971). Ingram has since filed a motion to amend his complaint and two motions to stay the case. For the reasons below, Ingram's motions will be denied.

Ingram's motion to amend his complaint clarifies some of the allegations in the original complaint and asks the court to reconsider its dismissal of Richard Gedemer at screening. Ingram clarifies that, rather than his ex-wife's father (as stated in the screening order), his ex-wife's three older children's father and several of his family members, who are all white, filed complaints with

Fond Du Lac County Department of Social Services (FDLCSS). This clarification is useful for the defendants to know, and to the extent Ingram sought to clarify language in his complaint, his motion and this order have done so. This clarification does not change the court's analysis on the equal protection claim, nor does it require an amendment to the original complaint. Ingram also clarifies that he did not allege that his children's foster mother filed a complaint with FDLCSS. While both Ingram's original complaint and the screening order state that his children's foster mother made allegations against him that led to his being confined in Fond du Lac County Jail, ECF No. 1 at 5; ECF No. 18 at 4, Ingram wishes to clarify that the foster mother did not file a complaint with FDLCSS. Again, this clarification does not change the court's previous analysis that allows Ingram to proceed on an equal protection claim.

In an effort to add Gedemer as a defendant in this case, Ingram annotated and attached a letter from Gedemer that responded to several complaints Ingram filed with FDLCSS. As an initial matter, Ingram has failed to reproduce an amended complaint that is complete in itself. *See* Civil L. R. 15(a). Even so, Ingram's amendment is futile because it would not survive a motion to dismiss. *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013). The annotated letter is insufficient to allege Gedemer's personal involvement in a constitutional violation, which is required to state a damages claim under 42 U.S.C. § 1983. *See Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014). The letter demonstrates that Gedemer was a *de facto* complaint examiner, and such examiners cannot be liable for the alleged actions or inactions of the individuals at issue in the complaint. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009); *Johnson v. Doughty*, 433 F.3d 1001, 1011 (7th Cir. 2006). As a result, Ingram's motion to amend will be denied.

Ingram's motions to stay will also be denied. In these motions, Ingram states that his "legal documents" are not in his possession and that he will not have access to them until his release from Fond du Lac County Jail. ECF Nos. 28, 29. As a result, Ingram requests a stay until his release from the Jail. The power to stay proceedings is incidental to the inherent power in every court to control its docket given considerations of judicial economy and the burden on the court and parties. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Whether to grant a motion to stay is left to the court's discretion. *Veltze v. Bucyrus-Erie Co.*, 791 F. Supp. 1363, 1365 (E.D. Wis. 1992). Ingram believes that lack of access to his "legal documents" warrants a stay, but he does not explain what legal documents he does not have and why they are necessary for the continued pursuit of his claims. Absent this information, the court cannot determine whether a stay is appropriate. Ingram's motions will accordingly be denied.

**IT IS THEREFORE ORDERED** that Ingram's motions to amend complaint (ECF No. 22) and to stay (ECF Nos. 28, 29) are **DENIED**.

Dated this   5th   day of April, 2019.

                                            s/ William C. Griesbach
                                            William C. Griesbach, Chief Judge
                                            United States District Court